JIN JIANSHUN, aka Karen Eun Hwangbo, Petitioner,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 06–72079.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Kevin G. Long, Esq., Monterey Park, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., Eric W. Marsteller, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Jin Jianshun, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999), and we deny the petition for review.

Even if Jianshun could overcome her unexplained, untimely failure to submit her required fingerprints, resulting in the agency's dismissal of her asylum claim, *see* 8 C.F.R. § 1208.10, substantial evidence supports the agency's adverse credibility determination because Jianshun's testimony was inconsistent with her documentary evidence concerning her marital status and forced concubinage, and these material discrepancies were not persuasively explained. *See Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir.2007) (inconsistencies between testimony and documentary evidence support an adverse credibility finding where inconsistencies go to the heart of the claim). Because the record does not compel the conclusion that Jianshun's testimony was credible, she has not established eligibility for asylum. *See Singh–Kaur*, 183 F.3d at 1153.

Because Jianshun failed to demonstrate eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Farah v.*

---

*Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

